[No. 18257. Department Two. January 25, 1924.]

## D. C. BROWNELL, *Respondent,* v. FERN KINZINGER, *Appellant.*[1]

BROKERS (33)—ACTION FOR COMPENSATION—BREACH OF CONTRACT—EVIDENCE—SUFFICIENCY. Findings that a contract to pay a broker's commission on the sale of a leasehold was breached by the seller without cause are sustained where the testimony of the defendant giving as an excuse that the landlord would not consent to the sale is contradicted and discredited.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 21, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Walter B. Allen,* for appellant.

*Merrick & Long,* for respondent.

FULLERTON, J. — This is an action to recover a broker's commission. On October 25, 1922, the appellant Kinzinger was, and for sometime prior thereto had been, the owner and holder of a leasehold interest in certain real property situated in the city of Seattle,

[1]Reported in 222 Pac. 482.

known as the Curtis Hotel. She also owned the hotel furnishings and fixtures. Desiring to sell her interests, she listed the property for sale with the respondent, a real estate broker. On the date above given, the respondent found purchasers for the premises on terms satisfactory to the appellant in the persons of one Mary B. Leow and one Joseph J. Shoemaker, and entered into a contract with them for the purchase of the property as of November 1, 1922. This contract the appellant approved in writing, agreeing therein to pay the respondent $450 for his services. She also convenanted in the same writing that she was "the owner of the above mentioned property, and had the legal right to sell the same." Between the date of the agreement and the time fixed for its performance, the appellant sold the property to another person at an enhanced price.

The appellant defended the action on the ground that, by the terms of her contract, she could not transfer the leasehold interest without the consent of her landlord, of which fact she informed the broker at the time the property was listed with him for sale, and that the landlord would not consent to the transfer because of the moral character of the persons the respondent had produced as purchasers. In support of this latter contention, the appellant testified that one of the contract purchasers, Mary B. Leow, told her that she and her husband had been in the hotel business in another city in the state of Washington and had there engaged in the illicit sale of intoxicating liquors; that they had been discovered and that her husband was practically a fugitive from justice, and inquired of her whether she thought it possible for them "to get by" with such a thing there. She further testified that she felt obligated to make the conversation known to her landlord, and that upon doing so the landlord refused

to consent to an assignment of the lease to the purchasers. There is much in the record, however, that contradicts her statements. The broker testified that she never informed him at any time that the consent of her landlord was necessary to a transfer of the lease, but that, on the contrary, her oral representations conformed to her written representations. It was made clear, also, that the conversation she claimed to have had with Mrs Leow was had, if had at all, with another person—a daughter of Mrs. Leow—who was in no way interested in the contract of purchase. It was further shown that Mrs. Leow was of good character, had never been connected with any criminal transaction, and was the owner of considerable property situated in Seattle.

The trial judge, sitting without a jury, found that the contract had been breached without sufficient cause and allowed a recovery for the amount agreed to be paid as a commission. In our opinion, the evidence sustains his findings, and the judgment will stand affirmed.

MAIN, C. J., MITCHELL, BRIDGES, and PEMBERTON, JJ., concur.